### ADLER v. MILES et al.

(Supreme Court, Appellate Term. March 5, 1908.)

APPEAL—REVIEW—QUESTION NOT PRESENTED BELOW.

In a suit against partners, objections that the signature to the guaranty sued on was not shown to have indicated defendants, and that one partner may not bind another to a guaranty, may not be asserted for the first time on appeal, where the evidence inferentially identified defendants as the guarantors, and the identity was assumed at the trial, and both parties appeared by the same attorney and did not object that judgment might not properly be rendered against both.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1079–1120.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Aaron Adler against Herbert L. Miles and another, composing the firm of Miles Bros. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

MacDonald & Bostwick, for appellants.
Goldfogle, Cohn & Lind, for respondent.

PER CURIAM. The point now taken that the words "Miles Bros.," employed as the signature to the agreement of guaranty in suit, were not shown to have indicated these defendants, was not suggested at the trial, and is inconsistent with what was quite obviously assumed at that time for the purposes of the presentation of the case to the justice by counsel for both sides. As a matter of fact, the evidence does inferentially identify the parties with the execution of the paper; but, if the appellants were not satisfied with the prima facie case upon this ground, they cannot now assert the technical informality for the first time. So, too, of the contention that one partner may not bind the other to a guaranty. These partners appeared by the same attorney, and in no way was the question raised that a judgment for the plaintiff might not properly be rendered against both. For the purposes of this appeal we deem this possible question of agency to have been eliminated from the case by consent.

Judgment affirmed, with costs.